Alexander C. Pereos v. Commissioner.
Pereos v. Commissioner
Docket No. 2117-62.
United States Tax Court
T.C. Memo 1965-180; 1965 Tax Ct. Memo LEXIS 151; 24 T.C.M. (CCH) 949; T.C.M. (RIA) 65180; June 29, 1965
*151 Upon the evidence, held: (1) Amount of tip income for each taxable year determined under rule of Cohan v. Commissioner, 39 F. 2d 540. (2) Petitioner was extremely negligent in failing to keep any records of his tip income and is liable for the addition to the tax for each year under sec. 6653(a), 1954 Code. (3) Allowable deductions determined. Alexander C. Pereos, pro se, 65-44 Saunders St., Forest Hills, N. Y., Marie L. Garibaldi, for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined deficiencies in income tax for 1958 and 1959 and additions to the tax under section 6653(a) as follows: Year
Deficiency
Sec. 6653(a)
1958
$866.74
$43.34
1959
901.88
45.09
The questions are: (1) The amount of petitioner's tip income in each year. (2) If there are deficiencies, whether the underpayment of taxes was due to negligence requiring addition of the five percent penalty under section 6653(a). (3) Whether claimed deductions are allowable. Findings of Fact Petitioner's returns were filed with the district director of internal revenue in Brooklyn, New York. Petitioner was *152 employed during 1958 and 1959 as a waiter by a restaurant in New York City called The Forum of The Twelve Caesars (Forum). He did not keep any records of his tip income in each year. In reporting his income, he made an estimate of the total amount of his tips on the basis of a dollar in tips for each dollar of wages. He reported tip income of $1,762.33 for 1958 and $1,783.64 for 1959. Each amount was the same as his total wages in each year. Respondent determined that the total amount of petitioner's tips was $5,286.99 for 1958 and $5,350.92 for 1959. Respondent determined that there was an underpayment of tax for each year which was due to petitioner's negligence in failing to report all of his tip income and that an addition to the tax for each year should be made under section 6653(a), 1954 Code. Petitioner took itemized deductions on each return in the total amount of $794.95 and $894, respectively. Respondent disallowed all of the deductions for lack of substantiation. He allowed the standard deduction, in lieu of the itemized deductions, which amounted to $705.68 for 1958 and $715.45 for 1959. Ultimate Findings of Fact 1. Petitioner's tip income for 1958 and 1959 was *153 at least $4,405.83 and $4,637.46, respectively. He failed to report tips in the amount of $2,643.50 for 1958 and $2,853.82 for 1959. 2. Petitioner was extremely negligent in failing to keep records of his actual total tip income in each year. Part of the underpayment of tax for each year was due to negligence. 3. Petitioner failed to prove that he is entitled to deductions in a total amount in excess of the amount of the standard deduction allowable for 1958 and 1959. Opinion All of the questions are fact questions. On the basis of the evidence presented, the findings of fact dispose of each issue, as follows: Issue 1: Petitioner's tip income in 1958 amounted to at least $4,405.83, and he failed to report $2,643.50. In 1959 his tip income amounted to at least $4,637.46, and he failed to report $2,853.82. Respondent's determinations are deemed to be correct as a matter of law. . Petitioner had the burden of proof. Consideration has been given to evidence petitioner was able to produce. We are satisfied that petitioner received tip income in each year in a slightly lower amount than respondent determined. Under the rule of *154 , bearing against petitioner for his own inexactitude and failure to keep adequate records, it is found and concluded that petitioner's tip income in each year was in the amount set forth above. Consideration has been given to ; ; ; , certiorari denied ; and (both of the latter affirming Memorandum Opinions of this Court.) Each case must stand on its own facts. As in , respondent was justified here in applying a formula to determine petitioner's tip income in each year, under the circumstances. However, we are satisfied by petitioner's evidence that some adjustment must be made in the amount determined as total tip income for each year. As in , a reduction is made in the amount of the tip income for each year, as set forth in the findings, below the amount determined by the respondent. As stated in , *155 Since we are satisfied that some adjustment is necessary, we have no alternative but to make an estimate, based upon available information, weighing doubts against the petitioner, who has the burden of proof. (C.A. 2, 1930). Issue 2: The next question is whether petitioner is liable for an addition to the tax for each year of five percent under section 6653(a), for negligence. The conclusion is that he was extremely negligent in failing to keep the required records of his tip income for each year, and that the addition to the tax must be imposed. The amount thereof will be recomputed under Rule 50 on the basis of this Court's determination of the unreported amount of tip income for each year. Petitioner's understatement of his tip income in his return for each year was due to negligence. ; Issue 3: With respect to respondent's adjustments in allowable deductions, there will be a further adjustment under Rule 50 of the amount of the allowable standard deduction for each year in view of the Court's determination of the amount of petitioner's tip income *156 for each year. Petitioner has not shown that he is entitled to deductions in a total amount exceeding the amount of the allowable standard deduction for each year. Petitioner has not demonstrated prejudicial error in the substitution of the amount of the allowable standard deduction for each year in lieu of the total amount of the itemized deductions claimed for each year. Decision will be entered under Rule 50.